IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIMONE ELDER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2464-K |
| | § | |
| ALBERTSON'S, LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Complainant Simone Elder's Motion to Vacate Arbitrator's Order (Doc. No. 21) and Defendant Albertson's, LLC's ("Albertson's") Motion to Confirm Arbitrator's Order and Response to Complainant's Motion to Vacate Arbitrator's Order (Doc. No. 24). The Court reviewed and considered the motions, the record, and the applicable law. For each argument raised in the Motion to Vacate Arbitrator's Order, either Complainant waived the argument, or the Arbitrator drew his decision from the "essence of the contract" and reached a decision "grounded in fact and reason." Because the Court finds no grounds to vacate the Arbitrator's order, the Court **DENIES** Elder's Motion to Vacate and **GRANTS** Albertson's, LLC's Motion to Confirm.

I.   Facts and Procedural History

Elder was an employee in the deli section of an Albertson's in Fort Worth, Texas, who was injured in the workplace after slipping on a lid on the floor and sustaining

1

injuries from the fall. Because Elder was a non-subscribing employee (meaning she did not elect into the workers' compensation plan), she was required to proceed under the claims process outlined in Albertson's LLC Texas Workplace Injury Benefit Plan ("Plan") and Albertson's LLC Texas Workplace Injury Benefit Plan Summary Plan Description ("SPD"). The Plan's arbitration provision requires that when a party is compelled by a court to arbitrate, that party must initiate arbitration within 30 days. The Plan has a provision titled "Required Notice of All Claims" which provides the method and address that a claimant must use to notify Albertson's of any claim, arbitration or otherwise. The section further provides that:

> If after expiration of the applicable statute of limitation (1) a court has ordered the parties to arbitrate . . . then the party that is compelled to arbitrate must initiate a claim for arbitration regarding such claim and serve the other party within 30 days of such order or the party's claim shall be void and deemed waived.

Elder first filed her claim in Tarrant County District Court on March 3, 2017. Albertson's removed this action to the United States District Court for the Northern District of Texas, Fort Worth Division, on April 7, 2017 based on diversity jurisdiction; the case was assigned the Judge Terry Means (Doc. No. 3). The case was referred to mediation (Doc. No. 12) but the parties did not reach a settlement (Doc. No. 16).

Elder and Albertson's then filed a Joint Motion to Refer Case to Arbitration and to Stay Litigation ("Joint Motion to Refer Case to Arbitration") on May 9, 2018. The motion states that "[t]he Parties have agreed that this action belongs in arbitration pursuant to Albertson's mandatory company policy which requires that certain claims, including claims for negligence in connection with a job-related injury, must be submitted to final and binding arbitration." The agreed proposed order states that "the arbitration will be conducted in accordance with this Agreed Order; the arbitration provisions in the Albertson's LLC Texas Workplace Injury Benefit Plan; and the American Arbitration Association ("AAA") Employment Arbitration Rules." On May 22, 2018, the Court signed its Order Granting Joint Motion to Refer Case to Arbitration and Staying and Administratively Closing Case. The Court did not adopt the language of the proposed order but "referred" the case to arbitration and administratively closed it.

Elder did not file her demand for arbitration with the AAA by June 21, 2018 (the 30-day mark after the Court issued its Order Referring Case to Arbitration). Elder initiated the arbitration of her negligence claim by filing the Original Complaint with the AAA on July 24, 2018. At the request of the AAA, both parties signed a letter "confirming their agreement to authorize the AAA to administer this dispute under its Employment Arbitration Rules." Albertson's responded with various affirmative defenses, but an assertion of untimely filing was not one of them. Eleven months later, on May 24, 2019, Albertson's amended its answer to include the affirmative defense

3

that the complaint was not filed in a timely manner. The same day, Albertson's filed a Motion for Summary Judgment before the arbitrator arguing that Elder failed to initiate arbitration with the AAA as required by the arbitration provisions in the Plan and SPD within 30 days after the Court signed its Order Referring Case to Arbitration. In opposition to Albertson's Motion for Summary Judgment, Elder contended that (a) the requirements under the arbitration provisions for the initiation of arbitration are ambiguous, (b) the 30-day limitation period was not triggered by the Court's Order Referring Case to Arbitration, and (c) equitable tolling should apply to extend the 30-day deadline for demanding arbitration. The Arbitrator issued an order 1) requesting clarification that the statute of limitations did, in fact, pass by the time the Court order was issued and 2) noting that Claimant had provided zero evidence that a genuine dispute of material fact existed, despite her argument the summary disposition was inappropriate, and requesting Claimant provide whatever evidence she had. In the Supplemental Response, Elder did not provide any evidence but instead reasserted the arguments in the initial response.

On July 15, 2019, the Arbitrator issued his Order No. 4 ("Arbitrator's Order") which granted Albertson's Motion for Summary Judgment and found that Elder take nothing on her claims. The Arbitrator determined that (a) the Required Notice of All Claims provision in the SPD established a 30-day deadline for Elder to initiate arbitration after the Court entered its Order Referring Case to Arbitration and (b) Elder did not raise a material issue of fact regarding Albertson's limitations defense or her

4

argument that the 30-day deadline did not apply. The Arbitrator found that it was uncontested that (a) the statute of limitations had expired on Elder's claims when the Court signed its Order Referring Case to Arbitration, which triggered the arbitration provision mandating a 30-day filing window and (b) Elder failed to file her demand for arbitration within 30 days after Court's Order Referring Case to Arbitration. He rejected Elder's arguments that the 30-day deadline provision for initiating arbitration is ambiguous and that the provision did not require her to demand arbitration within that time. The Arbitrator found that Elder submitted no evidence with Plaintiff's Response to Defendant's Motion for Summary Judgment or Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment that would create a genuine dispute of material fact about the limitations defense or equitable tolling.

Elder now moves this Court to vacate the Arbitrator's Order granting summary judgment dismissing her claims as untimely filed. She argues that the Arbitrator exceeded his power by reasserting the same arguments raised before the Arbitrator, which claim: (a) the requirements under the arbitration provisions for the initiation of arbitration are ambiguous, (b) the 30-day limitation period was not triggered by the arbitration agreement and the Court's Order Referring Case to Arbitration, and (c) equitable tolling should apply to extend the 30-day deadline for demanding arbitration. She raises two new arguments as well which include: (a) the Arbitrator exceeded his authority by imposing a 30-day filing deadline where one did not exist and (b) the

Arbitrator exceeded his power by allowing Albertson's to amend the answer to include the defense of failure to file in a timely manner.

## II. Legal Standard

"In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 543–44 (5th Cir. 2016). Under the Federal Arbitration Act ("FAA"), the Court "must" confirm an award unless the award is vacated under Section 10 or modified or corrected under Section 11. *Id*. at 544. Section 10 provides the exclusive grounds for vacatur of an arbitration award. Id. An award may be vacated: (1) "where the award was procured by corruption, fraud, or undue means"; (2) "where there was evident partiality or corruption in the arbitrators"; (3) "where the arbitrators were guilty of misconduct … or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id*. (citing 9 U.S.C. § 10(a)). "[The Court] will sustain an arbitration award as long as the arbitrator's decision 'draws its essence' from the contract—even if [it] disagree with the arbitrator's interpretation of the contract." *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013). "The question is whether the arbitrator's award was so unfounded in reason and fact, so unconnected with the wording and purpose of the [contract] as to manifest an infidelity to the obligation of an arbitrator." *Id*. "[A]n arbitrator has not exceeded his

powers unless he has utterly contorted the evident purpose and intent of the parties—the 'essence' of the contract." *Id.* at 802–03. Procedural questions, such as whether a claim is barred by a statute of limitations, are generally "to be reviewed by the arbitrator." *Cooper*, 832 F.3d 534, 546 (5th Cir. 2016) (quoting *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 195 (5th Cir. 2016)).

### III. Analysis

Section 10(a)(4) of the FAA "authorizes a federal court to set aside an arbitral award 'where the arbitrator[ ] exceeded [his] powers.'" *Cooper*, 832 F.3d at 545 (quoting *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2068 (2013)). The party challenging an arbitrator's award under § 10(a)(4) "bears a heavy burden." *Id*. at 545 (quoting *Oxford Health Plans LLC*, 133 S.Ct. at 2068). Elder argues that the Arbitrator exceeded his power by imposing a 30-day filing requirement where one did not exist. According to Elder, the arbitration provisions in the Plan and SPD, including the 30-day deadline, did not apply to the arbitration of her claims because (a) the parties allegedly agreed to arbitrate Elder's claims under the AAA Rules, which did not include a filing deadline, and (b) the Court's Order Referring Case to Arbitration did not state that the arbitration would be conducted pursuant to the arbitration provisions in the Plan and SPD. Albertson's argues that Elder waived these arguments because Elder did not assert these arguments in Plaintiff's Response to Defendant's Motion for Summary Judgment or Plaintiff's Supplemental Response to Defendant's Motion for Summary Judgment.

Elder Waived the Argument that the Albertson's Plan Did Not Control

Because Elder could have raised these arguments to the Arbitrator but chose not to, the Court finds that she waived them. A party "cannot stand by during arbitration, withholding certain arguments, then, upon losing the arbitration, raise such arguments in federal court." *Gateway Techs., Inc. v. MCI Telecommunications Corp.*, 64 F.3d 993, 998 (5th Cir. 1995). The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it. *Id.* (citing *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 & n.9 (5th Cir. 2004)). Elder argues that the AAA Rules applied, rather than the arbitration provisions under the employment agreement, because Albertson's counsel signed a letter from the AAA on July 30, 2018 agreeing to submit the dispute to arbitration administered by the AAA under the AAA Rules. This is the exact argument Elder could have raised in her Response to Albertson's Motion for Summary Judgment considering the premise of the Motion for Summary Judgment was that the Alberton's agreement controlled. But she did not raise this argument, and now wants the Court to consider it because of the adverse judgment. The Court finds that Elder waived the argument that the AAA rules, and not the Albertson Plan, applied.

The Parties Intended for the Albertson's Plan to Control

The Court finds that, even if Elder did not waive the argument, it fails on the merits because the parties intended for the Albertson's agreement to apply. "Preliminary issues in arbitration cases include gateway disputes, which typically

8

require judicial determination, and procedural questions, which are to be reviewed by the arbitrator." *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 195 (5th Cir. 2016). Though "the arbitrability of disputes ... is generally a gateway issue to be determined by the courts," it is instead "deferred to arbitration where the agreement espouses the parties' intent to do so." *Id*. For the Court to agree with Elder, it must be convinced that the 30-day window did not apply under the agreements between the parties. This would be true if the AAA agreement were the only agreement in effect, but that is not the case. Elder was a party to the Albertson's employment agreement outlining the rules and procedures for initiating a claim against Albertson's. The employment agreement, Plan, and SPD implemented a 30-day window to initiate claims. She acknowledged that she was a party to the employment agreement and that she received training on how to file a claim. Because Elder was a party to the Albertson's employment agreement and the parties did not waive the SPD requirements by signing the AAA contract, the Court finds that the 30-day window applied.

The agreed proposed order supports this finding. In the agreed proposed order requesting the Court refer the case to arbitration, the parties agreed to proceed under the Albertson's provision and employ AAA as the arbitrating entity. Although the proposed order language is not technically binding because Judge Means did not adopt the proposed language, the agreed order is evidence of the parties mutual understanding that the employment agreement governs the dispute. The Court is not persuaded that the parties intended for the AAA agreement to erase or supplant the

9

Albertsons' Employee Agreement. The Court is also not persuaded that Judge Means was rejecting the application of the Albertsons' agreement because he did not accept the exact language of the proposed order. If this argument were accurate, then the AAA provisions would not apply either because they were not referenced in the order. Instead, the Order presumed the parties had an arbitration structure in place, which is consistent with their representations to the Court. Because the Court finds that the parties intended for the Albertson's agreement to control the arbitration, Elder fails to demonstrate that the Arbitrator's order should be vacated on these grounds.

<u>The Arbitrator Did Not Exceed His Authority</u>

Elder argues that, even if the Albertson's agreement applies, the Arbitrator exceeded his authority by departing from the provision in the agreement limiting his authority to rule only on "the claims set forth in the original notice, any counterclaims and the answers made to such claims and counterclaims." Prior to moving for summary judgment, Albertson's amended its answer to include the defense of failing to file in a timely manner. Elder argues that this was not in the "original answer" and therefore not properly before the arbitrator. "Procedural questions. . .are generally are to be reviewed by the arbitrator." *Cooper*, 832 F.3d 534, 546 (5th Cir. 2016) (quoting *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 195 (5th Cir. 2016)). The parties do not dispute that the answer was amended prior to any deadlines for dispositive motions. Even if there was a dispute, Elder could have raised this issue to

10

the arbitrator but chose not to and waived it as a result. *Gateway Techs., Inc.*, 64 F.3d at 998.

Elder next argues that, even if the Albertson's Agreement applies, the arbitration provision is ambiguous. This argument is a merits argument that was raised before the Arbitrator and denied. "We will sustain an arbitration award as long as the arbitrator's decision 'draws its essence' from the contract—even if we disagree with the arbitrator's interpretation of the contract." *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013). "[A]n arbitrator has not exceeded his powers unless he has utterly contorted the evident purpose and intent of the parties—the 'essence' of the contract." *Id.* at 802–03. Elder argues that the term "initiate arbitration" is ambiguous because it could be applied to multiple different starting points such as a motion to compel arbitration, a court's order referring a matter to arbitration, or the actual filing of a claim with an arbitrator. Elder argues that an ambiguous contract provision creates a question of fact and therefore precludes summary judgment. The Arbitrator gave Elder two opportunities to provide evidence demonstrating that a genuine dispute existed but eventually rejected this argument when he found that Elder had provided no evidence that genuine disputes of material fact exist. Looking to the contract, it states: "When you [employee] seek arbitration, you must give written notice of any claim to the Director of Claims." It later says, "If after expiration of the applicable statute of limitation (1) a court has ordered the parties to arbitrate. . .the party that is compelled to arbitrate must initiate a claim for arbitration regarding such

11

claim." Elder is technically correct that Albertson's could be compelled by the Court to arbitrate, requiring it to initiate the arbitration. But the Arbitrator found that references to "claimant" in relevant provisions established that the same claimant in Court must initiate arbitration. As for the temporal aspect, the timing of the window is clearly tied to when the Court publishes its order. The Arbitrator's findings that Elder was required to initiate the claim, and that the process necessary to initiate was not ambiguous, were "grounded in reason and fact." The Court also notes that Elder understood the process of imitating arbitration when she filed a complaint, even if untimely. Because the Arbitrator's reason was "grounded in logic and fact," the Court is not persuaded to vacate the order on these grounds.

Elder next argues that, because Judge Means used the word "refer" when assigning the case to arbitration, the Court did not "order" any party in the Order Granting Joint Motion to Refer Case to Arbitration and Staying and Administratively Closing Case (Doc. No. 18). Because the Court did not "order" any party, Elder claims, the 30-day timeline in the Albertson's agreement was not triggered. Elder further argues that the lack of a reference to a filing deadline by the Court means the Court was not imposing any deadline to follow. Elder raised this argument to the Arbitrator, and it was rejected. The Court's use of the word "refer" as oppose to "order" does not negate the fact that it was an order from the Court to proceed with arbitration. The Court did not specify a timeline because the parties had already identified the framework under which they planned to proceed. The Arbitrator was acting within his discretion when

he found that the Albertson's agreement applied and the term "initiate arbitration" was not ambiguous. The Court finds that the arbitrator was similarly acting within his discretion when he rejected Elder's argument that Judge Mean's Order Granting Joint Motion to Refer Case to Arbitration and Staying and Administratively Closing Case was not an order and found that the 30-day window applied.

Elder argues that equitable principles require tolling because Albertson's did not include the limitations defense or move for summary judgment until eleven months after the arbitration began. Albertson's claims that its filing was equitable because it occurred before the dispositive motion deadline. "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *United Paperworkers Int'l Union v. Misco, Inc.*, 108 S. Ct. 364, 370 (1987). Elder raised this argument in her initial response to summary judgment, and the Arbitrator rejected it. "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law … is a risk that every party to arbitration assumes." *Cooper*, 832 F.3d at 546.

The Court notes that the Arbitrator gave Elder an opportunity to provide specific evidence on this argument and found that she failed to provide any. Because equitable tolling is inherently fact intensive, the Court defers to the Arbitrator's view of the facts

and law where they are "grounded in reason and fact." The Arbitrator did not find that the timing of the Amended Complaint or Motion for Summary Judgment were inequitable, likely because these both occurred within the agreed deadlines set out by the parties. The Court finds that Elder has not carried her heavy burden in showing that the Arbitrator exceeded his authority on this point.

## IV.   Conclusion

Because the Court finds Elder waived the arguments that the AAA agreement applied over the Albertson's agreement and that the Defendant was precluded from amending his answer, the Court finds that they cannot be raised. The Court finds that, for the argument's raised to the Arbitrator, the Arbitrator's decisions was grounded in reason and fact. Because the decisions were grounded in reason and fact, the Court finds that the Arbitrator did not exceed his authority in ordering the claims dismissed for failure to file in a timely manner.

Because a party cannot sit on arguments that should be raised to the Arbitrator, Elder waived the arguments that the Albertson's agreement did not control and that the limitations claim was not appropriately before the Arbitrator. Because the Arbitrator did not exceed his authority on the decisions presented to him, the Court finds no grounds to vacate the order. Because there is no reason to vacate the Arbitrator's order, Elder's Motion to Vacate Arbitrator's Order (Doc. No. 21) is

**DENIED** and Defendant's Motion to Affirm the Arbitrator's Order (Doc. No. 24) is **GRANTED**.

**SO ORDERED.**

Signed April 28th, 2020.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE